UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT THOMAS,

        Plaintiff,         Case No. 08-cv-13703
vs.         Hon. Gerald E. Rosen
        Mag. Mark Randon

DENIS LASKOWSKI,

        Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       January 27, 2011      

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

     This matter is presently before the Court on the December 20, 2010, report and recommendation of United States Magistrate Judge Mark Randon recommending that the Court grant Plaintiff Robert Thomas's motion for default judgment [Dkt. #78] against Defendant Dennis Laskowski. Defendant Laskowski has failed to file timely objections to the Magistrate Judge's report and recommendation. The Court has reviewed the report and recommendation and the Court's record of this action. Based upon that review, the Court concludes that, for the reasons stated in the Report and Recommendation, it will grant Plaintiff's motion for default judgment and refer the matter back to Magistrate Judge Randon to set a hearing on damages.

This case arises out of the state court prosecution of Plaintiff for alleged violations of the municipal noise control ordinance of New Baltimore, Michigan. The City of New Baltimore charged Plaintiff at the insistence of Defendant Laskowski. When the ordinance was declared unconstitutional and all charges against Plaintiff were dismissed, Plaintiff filed the present action against multiple defendants claiming the prosecution violated his constitutional rights and that Defendant Laskowski conspired with the government actors to violate his constitutional rights. On June 8, 2010, the Court entered a stipulated order of dismissal [Dkt. #77], leaving Defendant Laskowski as the only remaining defendant.

In his report and recommendation, Magistrate Judge Randon recommends granting Plaintiff's motion for default judgment as a sanction pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(vi). Although an entry of default judgment is a severe sanction, the Court finds it is warranted in this case. Defendant and Defendant's counsel's failure to comply with the Magistrate's orders is well documented. They failed to appear for the June 16, 2009 status conference [Dkt. #61], failed to file a written response to the Magistrate's show cause order [Dkt. #80] related to entry of default judgment against Defendant, and failed to appear at the December 16, 2010 hearing [Dkt. #82] on Plaintiff's motion for default judgment. Defendant has failed to file any responses to Plaintiff's motions in this matter, including the motion for default judgment. Finally, Defendant has failed to file a timely objection to the Magistrate's report and recommendation [Dkt. #83] or a timely response to the Magistrate's order to show cause [Dkt. #84] as to why Defendant's counsel, attorney Nancy Bates Rickel, should not be held in contempt.

On January 10, 2010, attorney Rickel filed a response [Dkt. #85] to the order to show cause [Dkt. #84] in which she improperly addressed both the show cause order and the report and recommendation [Dkt. #83].  Attorney Rickel attempts to use the response to ask that the report and recommendation be set aside and/or reconsidered.  The response to the show cause order was itself filed after the January 7, 2010 deadline set by Magistrate Randon.  Additionally, the proper method of expressing disagreement with a report and recommendation is by filing a separate *objection* within fourteen days as established by Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1)(C) and as clearly explained in the conclusion of the Magistrate's report and recommendation.  The fourteen day window for filing objections to the report and recommendation expired on January 3, 2010.

Even ignoring such blatant procedural violations, the Court finds that Defendant's arguments against an entry of default judgment substantively fail as well.  Attorney Rickel's long-term family medical care needs, which are detailed in her response, do not qualify as excusable neglect.  All of the filings in this matter were properly noticed, and attorney Rickel continuously failed to perform her duties.  Magistrate Randon may take attorney Rickel's situation into consideration when determining and allocating damages, but the Court finds it improper to further prejudice Plaintiff by delaying a final ruling on this matter.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that the Magistrate's report and recommendation [Dkt. #83] is adopted by the Court, and Plaintiff's motion for default judgment [Dkt. #78]

is GRANTED.

IT IS FURTHER ORDERED that this matter be re-referred to Magistrate Randon for a hearing on damages.

s/Gerald E. Rosen
Gerald E. Rosen
Chief Judge, United States District Court

Dated: January 27, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 27, 2011, by electronic mail and upon Robert P. Thomas, 36122 Main Street, New Baltimore, MI 48047 by ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137
