UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT THOMAS,

       Plaintiff,                               CIVIL ACTION NO 08-13703

       v.                                      CHIEF JUDGE GERALD ROSEN

TIMOTHY D. TOMLINSON, et al.,        MAGISTRATE JUDGE MARK RANDON

       Defendant.
_____/

**REPORT AND RECOMMENDATION ON SANCTIONS AGAINST DEFENDANT THOMAS LASKOWSKI AND HIS FORMER ATTORNEY NANCY BATES RICKEL**

This matter was referred to the undersigned to determine the amount of sanctions to be assessed against Defendant Dennis Laskowski and his former attorney Nancy Bates Rickel (Dkt. 91). On March 23, 2011, the undersigned held a hearing – Plaintiff Robert Thomas (Plaintiff), proceeding *pro se*, appeared along with Defendant Laskowski and his new attorney, Mark Swanson. As described more fully in a previous Report and Recommendation (Dkt. 83), the conduct of Defendant Laskowski's former attorney – Nancy Bates Rickel – caused the Court to enter a default judgment against Defendant Laskowski and in favor of Plaintiff. The only remaining issue is the amount of the sanctions to be imposed, and against whom such sanctions should be imposed.

Plaintiff requests $6,526.71 in damages, broken down into the following categories – $1,719.52 in compensatory damages, $3,500 in punitive damages, $504.10 in taxable costs under 28 U.S.C. § 1920, and $893.09 in costs under 42 U.S.C. § 1988. I find Plaintiff's actual damages and costs request to be reasonable and adequately supported by Plaintiff's filings. The costs requested by Plaintiff are in large part related to the extraordinary efforts Plaintiff was forced to

-1-

undertake to contact and/or serve attorney Nancy Bates Rickel. On this front, the undersigned can sympathize with Plaintiff, as attorney Rickel has consistently proven difficult to contact. Indeed, when the undersigned issued the Report and Recommendation (Dkt. 83) and Order to Show Cause (Dkt. 84) to attorney Rickel, chambers staff mailed these documents to attorney's Rickel's home and business addresses and also faxed and emailed the documents to ensure that attorney Rickel would receive them.

As to Plaintiff's request for punitive damages, I find that Plaintiff is not entitled to punitive damages. Courts may award punitive damages under § 1983 for acts that are "maliciously, wantonly, or oppressively done." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 fn. 9 (1986). As detailed in prior filings (Dkts. 83 & 84), the default judgment in this case was entered due to the conduct of Defendant Laskowski's former attorney. Thus, Plaintiff has not established that Defendant Laskowski acted "maliciously, wantonly or oppressively." As such, I recommend that Plaintiff is entitled to recover **$3,026.71**, which is how much Plaintiff requests in actual damages and costs.

Turning now to the allocation of damages, the default against Defendant Laskowski was entered solely due to the misconduct of his former attorney. As such, the undersigned does not find that Defendant Laskowski should be personally liable for the sanctionable conduct of his former attorney. Rule 16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party **or its attorney**: (A) fails to appear at a scheduling or other pretrial conference; ... or (C) fails to obey a scheduling or other pretrial order" (emphasis added). Rule 37(b)(2)(A)(vi) further provides that one of the "just orders" that the court may issue as a Rule 16(f) sanction is "rendering a default judgment against the

disobedient party." Additionally, Rule 16(f) provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

An unknowing client should not be held liable on the basis of a default judgment resulting from an attorney's grossly negligent conduct and, in this case, I find that sanctions should be imposed on the lawyer, rather than on the faultless client. *See, e.g., Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 195 (6th Cir. 1986) ("Although a party who chooses an attorney takes the risk of suffering from the attorney's incompetence, we do not believe that this record exhibits circumstances in which a client should suffer the ultimate sanction of losing his case without any consideration of the merits because of his attorney's neglect and inattention."); *see also Pearson v. Coughlin*, 92 Civ. 1869 (DLC), 1995 WL 366463, 1995 U.S.Dist. LEXIS 8409 (S.D.N.Y. June 19, 1995) (sanctioning the defendant's counsel under Rule 16 for failure to participate in production of pre-trial order and failure to respond to the plaintiff's motion for default judgment). Although an action for malpractice is a possibility when a lawyer's negligence results in a default, that remedy does not always prove satisfactory. It may be difficult and time-consuming for Defendant Laskowski to obtain and collect a judgment for damages against attorney Rickel. Perhaps more importantly, public confidence in the administration of justice is weakened when a party is completely prevented from presenting his case because of the gross negligence of his lawyer who is, after all, an officer of the court.

Accordingly, it is **RECOMMENDED** that Judgment be entered against Defendant Laskowski in the amount of **$1**, and that attorney Nancy Bates Rickel be sanctioned in the amount of **$3,026.71** payable to Plaintiff.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                              s/Mark A. Randon
                                              MARK A. RANDON
                                              UNITED STATES MAGISTRATE JUDGE

Dated: May 9, 2011

<u>*Certificate of Service*</u>

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, May 9, 2011, by electronic and/or first class U.S. mail.*

                                           *s/Melody R. Miles*
                                           *Case Manager to Magistrate Judge Mark A. Randon*
                                           *(313) 234-5542*

**Copies have been mailed, emailed and faxed to:**

    **Plaintiff:**

        **Robert P. Thomas**
        **36122 Main Street**
        **New Baltimore, MI 48047**

    **Former Counsel for Defendant:**

        **Law Offices of Nancy Bates Rickel**
        **P. O. Box 230474**
        **Fair Haven, MI 48023**

        **Nancy Bates Rickel**
        **8300 Long Island Ct.**
        **Ira, MI 48023**

        **E-file: n.rickel@comcast.net**

        **Fax: 586-725-1227**