UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT THOMAS,

                Plaintiff,                No. 08-cv-13703
                                                          Hon. Gerald E. Rosen

vs.

TIMOTHY D. TOMLINSON, et al.

                Defendants.
_____/

**ORDER PARTIALLY ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

In a report and recommendation issued on May 9, 2011, Magistrate Judge Mark A. Randon recommended that the Court award Plaintiff Robert Thomas ("Plaintiff") $3,026.71[1] in taxable costs and compensatory damages against Defendant Dennis Laskowski ("Laskowski") and his former attorney, Nancy Bates Rickel ("Rickel"). Specifically, Magistrate Judge Randon recommended that Rickel be held liable for all but $1 of Plaintiff's costs and damages as a sanction for her repeated professional derelictions. Plaintiff filed a series of objections to Magistrate Judge Randon's recommendations on May 27, 2011. Having reviewed Plaintiff's objections and the record of this matter, the Court is prepared to rule on the Magistrate Judge's report and recommendation. This order sets forth the Court's ruling.

---

[1] The Magistrate Judge relied on Plaintiff's erroneous calculation of costs and damages. The correct amount is $3,116.71. *See* note 3, *infra*.

While Plaintiff alleges four separate abuses of discretion, his complaints can be substantively summarized as follows: (1) the Magistrate abused his discretion by recommending against an award of punitive damages, and (2) the Magistrate abused his discretion by allocating all but $1 of costs and damages to Rickel. The Court will address each claim in turn.

Magistrate Judge Randon recommended that Plaintiff not receive punitive damages because judgment was awarded by default, the result of Laskowski's irresponsible counsel rather than Laskowski's contested conduct. Plaintiff argues that he is entitled to punitive damages because his complaint contains factual allegations of wanton, malicious, or oppressive behavior,[2] and because default judgment "conclusively establishes every factual predicate of a claim for relief." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). Therefore, by Plaintiff's logic, punitive damages were warranted, and Magistrate Judge Randon abused his discretion by recommending against them. However, Plaintiff misconstrues the standard for awarding punitive damages. Establishing wanton, malicious, or oppressive conduct is a necessary, but not sufficient, predicate for awarding punitive damages. That is, punitive damages may not be awarded <u>without</u> a showing of malicious conduct, but making such a showing does not necessarily entitle a party to punitive damages; the decision to award punitive damages is discretionary. *See Smith v. Wade*, 461 U.S. 30, 46-49 (1983) (adopting a discretionary standard for punitive damages in § 1983 claims); Restatement (Second) of Torts § 908(2) (1977) ("Punitive damages <u>may</u> be awarded for conduct that is outrageous, because of the

---

[2] *See Memphis Cmty. Sch. Dist. V. Stachura*, 477 U.S. 299, 307 n.9 (1986).

2

defendant's evil motive or his reckless indifference to the rights of others.") (emphasis added) (quoted in *Smith*, 461 U.S. at 46-47).  Because Plaintiff was not entitled to punitive damages, Magistrate Judge Randon did not abuse his discretion.  The Court will adopt Magistrate Judge Randon's recommendation on this point.

      Plaintiff also challenges how Magistrate Judge Randon allocated costs and damages between Laskowski and his attorney.  Magistrate Judge Randon accepted Plaintiff's proposed costs and compensatory damages, and allocated all but $1 of the total[3] to Laskowski's attorney as a sanction for her repeated professional failures and to avoid saddling an innocent client with liability for the shortcomings of his attorney.  The pertinent rule allows the Court to "issue any just orders" if a party or his attorney fails to appear at a pretrial conference, is substantially unprepared to participate, or fails to obey pretrial orders.  Fed. R. Civ. P. 16(f)(1).  As the record clearly demonstrates, Nancy Bates Rickel has repeatedly violated Rule 16(f)(1), the culmination of which resulted in a default judgment against Laskowski.  Accordingly, Rickel must shoulder a portion of the costs and damages awarded here.  *See* Fed. R. Civ. P. 16(f)(2).  For the effect Rickel's conduct has had on these proceedings, Rickel will pay Plaintiff's costs of $1,397.19.

      However, precedent from the Supreme Court also suggests that clients can be held liable for their attorney's professional failings.  In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court considered whether a

---

[3] While Magistrate Judge Randon stated the sum of Plaintiff's costs and compensatory damages as $3,026.71, it appears this total reflects a mathematical error carried over from Plaintiff's application for costs and damages.  The correct total is $3,116.71.  Plaintiff requested $1,719.52 in compensatory damages, $504.10 in costs under 28 U.S.C. § 1920, and $893.09 in costs under 42 U.S.C. § 1988.

faultless client should shoulder the blame for their attorney's failings, and held that "clients must be held accountable for the acts and omissions of their attorneys." 507 U.S. at 396. *Pioneer* affirmed an earlier decision, *Link v. Wabash R. Co.*, 370 U.S. 626 (1962), which described the reasoning underpinning this outcome in the following way:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

370 U.S. at 633-34 (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1880)). The same principles apply here. Furthermore, the Sixth Circuit has explicitly adopted the reasoning of *Pioneer*. *See McCurry v. Adventist Health Sys., Inc.*, 298 F.3d 586, 594 (6th Cir. 2002) ("the Supreme Court stated the general rule that 'clients must be held accountable for the acts and omissions of their attorneys.'").

While Rule 16 affords the Court wide discretion in sanctioning Rickel for her conduct, precedent does not permit the Court to allocate damages as the Magistrate Judge recommended. Instead, both Laskowski and Rickel will be jointly and severally liable for Plaintiff's damages of $1,719.52. This arrangement comports with relevant precedent and augments sanctions against Rickel. Joint and several apportionment is not uncommon when levying sanctions. *See, e.g.*, *Cramer v. City of Detroit*, 267 Fed. App'x 425, 428 (6th Cir. 2008); *Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 447 (6th Cir. 2006); *Fharmacy Records v. Nassar*, 729 F. Supp. 2d 865, 871 (E.D. Mich. 2010);

4

Adams v. *Penn Line Servs., Inc.*, 620 F. Supp. 2d 835, 842 (N.D. Ohio 2009); *Royal Oak Entm't, L.L.C. v. City of Royal Oak*, 486 F. Supp. 2d 675, 677 (E.D. Mich. 2007); *RLI Ins. Co. v. Choctaw Cnty. Pub. Bldg. Auth.*, 04-0421-CB-C, 2005 WL 2233070, at *6 (S.D. Ala. Sept. 12, 2005). Furthermore, such an allocation will aid Plaintiff's ability to recover.

Rickel's conduct has been seriously unprofessional, but under clearly established precedent, Laskowski must bear, in part, the brunt of his attorney's omissions. Here, Rickel's shortcomings resulted in default judgment against Laskowski. As such, Laskowski must be liable for Plaintiff's damages. Rule 16, however, affords the Court added authority to issue "any other sanction" for Rickel's conduct. Fed. R. Civ. P. 16(f)(2). Joint and several liability for damages fits the bill. Although the Magistrate Judge's intentions were understandable–even laudable–they were not supported by the applicable precedent, and, therefore, the Court finds that the Magistrate Judge abused his discretion by allotting all but $1 of costs and damages to Rickel. Instead, Rickel will bear Plaintiff's costs of $1,397.19, and Rickel and Laskowski will be jointly and severally liable for Plaintiff's compensatory damages of $1,719.52.

As discussed above, Magistrate Judge Randon did not abuse his discretion in recommending against an award of punitive damages. Magistrate Judge Randon did, however, err in his allocation of damages. Therefore,

IT IS HEREBY ORDERED that the Magistrate Judge's report and recommendation of May 9, 2011 [Dkt. #102] is ADOPTED IN PART by the Court, in accord with the above decision.

5

IT IS FURTHER ORDERED that an award of damages is hereby entered in favor of Plaintiff and against Defendant Dennis Laskowski and his former attorney, Nancy Bates Rickel, as follows:

- Against Nancy Bates Rickel and Dennis Laskowski, jointly and severally:

    $1,719.52 (compensatory damages)

- Against Nancy Bates Rickel: $1,397.19 (costs)

                                                s/Gerald E. Rosen
                                                Chief Judge, United States District Court

Dated: November 22, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 22, 2011, by electronic mail and upon Robert P. Thomas, 36122 Main Street, New Baltimore, MI 48047 and Nancy C. Bates Rickel, P.O. Box 230474, Fair Haven, Michigan 48023 by ordinary mail.

                       s/Ruth A.Gunther
                       Case Manager
                         (313) 234-5137